UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO REINIER ALONSO
DOMINICHE,

       Petitioner,

v.                                    Case No.  2:26-cv-795-JES-NPM

ATTORNEY GENERAL PAMELA
BONDI, et al.,

       Respondents.

_____/

## ORDER AND OPINION

Before the Court are Petitioner Lazaro Antonio Alonzo-Dominiche's petition for writ of habeas corpus (Doc. 1), the government's response (Doc. 8), and Alonso-Dominiche's reply (Doc. 11).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.   Background

Alonzo-Dominiche is a national and citizen of Cuba who arrived in the United States on March 16, 2024.  (Doc. 8 at 2).  He was granted humanitarian parole into the United States on the same day.  (Id.)  On October 14, 2025, Alonzo-Dominiche was arrested by the Miami Dade County Sheriff's Office on several criminal charges.  (Id.)  Immigration and Customs Enforcement (ICE) officers took Alonzo-Dominiche into immigration custody where he was held under

the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). (Id.)

Alonso-Dominiche argues in both his petition and reply that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs his detention. (Doc 1 at 5; Doc. 11 at 3).  In response, the government contends that 8 U.S.C. § 1225 is the specific detention authority applicable to Alonso-Dominiche and that immigration detainees held under that provision are not eligible for bond. (Doc. 8).

Thus, the primary dispute between Alonso-Dominiche and the government is one of statutory construction—whether Alonso-Dominiche's detention is governed by 8 U.S.C. § 1225(b)(2)(A) or § 1226(a). After Alonso-Dominiche filed his petition and the government responded, the Eleventh Circuit Court of Appeals issued a decision that resolves this issue in Alonso-Dominiche's favor.  See Hernandez Alvarez v. Warden, 175 F.4th 1258, 1262 (11th Cir. 2026) (holding that "[t]he text of § 1225(b)(2)(A) is clear that mandatory detention applies only to ... arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

The Court will thus order Respondents to bring Alonso-Dominiche before an immigration judge within ten days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.  To satisfy this Order, the hearing must include—and the resulting order must

2

reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006), and Alonso-Dominiche' counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Alonso-Dominiche to detention without a bond hearing is unlawful. If Respondents are unable to ensure that he timely receives the thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1.   Lazaro Reiner Alonso Dominiche's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Within **TEN (10) DAYS** Respondents shall either provide Alonso-Dominiche with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3.   If Respondents release Alonso-Dominiche, they shall facilitate his transportation from the detention facility by

notifying his counsel or family of when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 9, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4